UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10500-RGS

DAWN SALVAIL

v.

RELOCATION ADVISORS, INC. d/b/a
PARAGON TOURS and AMY GOTTESDIENER

MEMORANDUM AND ORDER
ON RELOCATIONS ADVISORS, INC.'S
MOTION TO DISMISS

May 17, 2011

STEARNS, D.J.

Plaintiff Dawn Salvail, an employee of defendant Relocation Advisors, Inc., d/b/a Paragon Tours (RAI), for more than twenty-one years, brought this tort action in the Bristol Superior Court based on the alleged tortious conduct of RAI owner and managing director, defendant Amy Gottesdiener. Salvail contends that while working with Gottesdiener from January to April of 2010 at the company's Fall River, Massachusetts office, she was subjected to Gottesdiener's repeated rants and threats. On April 29, 2010, Gottesdiener allegedly cornered Salvail in her office, shouting expletives, spitting on her, and ultimately terminating her in retaliation for Salvail's refusal to repudiate a service contract Salvail had entered on RAI's behalf.

The December 31, 2010 Complaint asserts five claims: Count I - tortious

interference with advantageous relations against Gottesdiener; and Count II - intentional infliction of emotional distress; Count III - false imprisonment; Count IV - assault; and Count V - battery , the latter four Counts against both defendants. Defendants removed the case to the federal district court on March 24, 2011, on diversity grounds.[1] RAI now moves for dismissal of the Counts in which it is named, asserting that Salvail fails to make any legal claims or factual allegations against it.

A review of the Complaint verifies RAI's contentions. *See* Fed. R. Civ. P. 12(b)(6)*; Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (to survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief"). Although Gottesdiener is alleged to be the owner of RAI, the latter is a corporation organized under Connecticut law. Massachusetts is especially strict in respecting the corporate form and Salvail makes no argument for a piercing of the corporate veil. *See Birbara v. Locke*, 99 F.3d 1233, 1238 (1st Cir. 1996). For RAI to be held liable in tort under a theory of respondeat superior, the acts complained of by its agent, in this case Gottesdiener, must lie within the scope of her employment and be motivated, at least

---

[1] On the Superior Court civil action cover sheet, Salvail avers $142,500 in damages – $1,500 in medical expenses; $41,000 in anticipated lost wages; and $100,000 in "mental and emotional distress and suffering." The amount in controversy for federal diversity jurisdiction purposes must exceed $75,000.

in part, by a purpose to serve the employer. *See Doe v. Purity Supreme, Inc.*, 422 Mass. 563, 568 (1996) (rape and sexual assault neither were within the scope of employment nor furthered any interest of the employer). As all of the claims asserted are intentional torts, Salvail cannot, and does not assert that such acts were within the scope of Gottesdiener's employment or authorized by RAI. Hence, no viable action lies against RAI.

## ORDER

For the foregoing reason, RAI's motion to dismiss is <u>ALLOWED</u>.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE